UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PHELPS,<br><br>            Plaintiff,<br><br>      v.<br><br>ELIZABETH VAN BIBBER,<br><br>            Defendants. | **1: 14-cv-523  LJO-GSA**<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, Daniel Phelps ("Plaintiff"), appearing pro se, filed the instant complaint on April 14, 2014.[1] (Doc. 1).  Plaintiff has named Elizabeth Van Bibber as a defendant ("Defendant"). The court has screened the complaint and orders that the complaint be dismissed without leave to amend.

---

[1] Plaintiff has also filed a duplicative complaint against Elizabeth Van Bibber in *Phelps. v. Bridges*, 14-cv-646 LJO GSA.  Although the docket reflects Dana Michael Bridges as the named defendant in *Phelps v. Bridges*, Elizabeth Van Bibber is the only defendant listed in the complaint.  Accordingly, the two cases were consolidated on June 11, 2014. (Doc. 5).  The Court takes judicial notice of the fact that Mr. Phelps has also filed an additional *fifteen* cases in this district in May 2014 including :  *Phelps v. Heredia*, 1: 14-cv-668-LJO-SKO; *Phelps v. Koziol*, 1:14-cv-689 LJO-SAB; *Phelps v. Novoa*, 1:14-cv-690-LJO-SAB; *Phelps v. Siegel*, 1:14-cv-691-LJO-SAB; *Phelps v. Boshma*, 1:14-cv-692-LJO-SAB; *Phelps v. Bilal*, 1:14-cv-693-LJO-SAB; *Phelps v. Hernandez*, 1:14-cv-694-LJO-SAB; *Phelps v. Torres*, 1:14-cv-695-LJO-SAB; *Phelps v. Giersch,* 1:14-cv-696-LJO-SAB; *Phelps v. Case*, 1:14-cv-697-LJO-SAB; *Phelps v. Schwanz*, 1:14-cv-698-LJO-SAB; *Phelps v. Jackson*, 1:14-cv-700-LJO-SAB; *Phelps v. Cabrera*, 1:14-cv-722-LJO-GSA; *Phelps v. Potter*, 1:14-cv-766-LJO-SMS; *Phelps v. Barks*, 1:14-cv-786-LJO-GSA.

1

**DISCUSSION**

A.      Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se

pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id*.

B.  Plaintiff's Allegations

Plaintiff alleges that Defendant Elizabeth Van Bibber is an insurance agent for Progressive Insurance and that she is defrauding customers out of insurance claims at North Fresno Collision Center, located in Fresno, California. Plaintiff also contends that the Defendant is getting court orders by committing perjury. Plaintiff seeks $9,000.00 in damages.

C.  Analysis

Although the allegations in the complaint are unclear, a review of the facts reveal that Plaintiff cannot establish that federal jurisdiction is proper. Federal courts can only adjudicate cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). As discussed below, Plaintiff has failed to establish that federal jurisdiction is proper.

1.  *No Federal Question Exists and the United States is Not a Party*

Plaintiff's complaint does not state a federal claim. Thus, no federal questions are presented. Similarly, the United States is not a named defendant in this action. Therefore, federal jurisdiction does not exist on these bases.

3

2. *Diversity Jurisdiction*

Plaintiff is also unable to establish diversity jurisdiction based on a state law claim. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. at 377. "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); see also *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that *no* defendant have the same citizenship as any plaintiff." 28 U.S.C. § 1332 (a); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*. (quoting *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)).

Here, Plaintiff is citizen of California. Defendant, Elizabeth Van Bidder, is also a California citizen. Since both parties are citizens of California, diversity jurisdiction does not exist. Moreover, Plaintiff is only requesting $9,000.00 which is below the $75,000.00 needed to establish diversity jurisdiction. Accordingly, federal court jurisdiction cannot be established and no amendment will cure this deficiency. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**ORDER**

For the reasons set forth above, the Court finds that this court lacks jurisdiction to

consider Plaintiff's case. Accordingly, it is ordered that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

   Dated:   **June 12, 2014**                      **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE